UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

THE DISTRICT DENTAL SOCIETY OF
THE FIRST JUDICIAL DISTRICT,

        Plaintiff,

-v-                                    No. 08 Civ. 5062 (LTS)(MHD)

THE NEW YORK COUNTY DENTAL
ASSOCIATION, INC., et al.,

        Defendant.

-------------------------------------------------------x


USDC SDNY
DOCUMENT
ELECTRONICAL...
DOC #:
DATE FILED: JUN 2 5 2008

## ORDER TO SHOW CAUSE

        The Court has received the June 24, 2008, letter from Defendant New York County Dental Association ("Association") and the June 24, 2008, letter, from Plaintiff District Dental Society of the First Judicial District ("Society") sent in response to the Court's June 20, 2008, Memo Endorsement requiring the parties to submit their scheduling proposals. Copies of those letters are attached to this Order.

        In light of the stipulation on the record of the June 4, 2008, hearing, and Defendant's counsel's representation in the June 24, 2008, letter that Defendant has discontinued the use of the New York County Dental Association name, has taken down the website and is in the process of changing its name, Plaintiff is ORDERED to show cause, by written submission filed with the Court, with a courtesy copy to Chambers, why Plaintiff's request for preliminary and permanent injunctive relief on its trademark and unfair competition claims is not now moot. Plaintiffs response is due July 2, 2008, and Defendant's response, if any, is due July 8, 2008. Plaintiff's reply is due July 11, 2008. If Plaintiff fails to show cause as to why the Court should not deem Plaintiff's pending requests for

preliminary and permanent injunctive relief moot, the parties will be directed to Magistrate Judge Dolinger for scheduling discovery and the briefing of any motion practice on any remaining issues.

SO ORDERED.

Dated: New York, New York
June 25, 2008

LAURA TAYLOR SWAIN
United States District Judge



437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111
Direct Dial: (212) 940-3710
E-Mail: tduvdevani@nixonpeabody.com

June 24, 2008

**VIA FACSIMILE**

Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:   *District Dental Society of the First Judicial District v. New York County Dental Association*: 08 Civ. 5062 (LTS) (MHD)

Dear Judge Swain:

      We represent Defendant New York County Dental Association ("Association"), and write pursuant to your June 20, 2008 Memo-Endorsed Order to set forth the Association's scheduling proposal and our rationale for that proposal. The Association proposes that the scheduling of this action await the outcome of the Rule 12(b) motion the Association plans to make; a motion that may dispose of all or some of Plaintiff's claims and thus render discovery on those claims unnecessary and inefficient. Our intention to proceed in this way was shared with counsel for Plaintiff by letter and teleconference pursuant to your Individual Practice Rule 2(B).[1]

      As the Court is aware, this case relies on only two theories of recovery. First, Plaintiff complains of the Association's use of a confusingly similar name by asserting a federal trademark infringement claim. And second, Plaintiff invokes state law "unfair competition" and "interference" language that hinges on its theory that "[a]s a matter of New York law, a second component [dental] society in New York County cannot be established." Complaint ¶ 35. In other words, on this second point, Plaintiff maintains that New York law gives it a statutory monopoly and they concede that this issue is one requiring no factual discovery.

---

[1] In our letter, we also expressed our objection to the plaintiff's public mischaracterization to its members of the Association's consensual stipulation to refrain from using the name "New York County Dental Association" while the parties explored a resolution or narrowing of this case. Plaintiff broadcast to thousands of their members that this Court had "issued" a "temporary restraining order" that "brought a halt" to the "formation" of the Association. Plaintiff declined a request for a retraction or clarification and, since then, the *New York Times* has quoted this inaccurate and misleading language in a June 23rd article.

11063023.2

In an effort to address Plaintiff's trademark concerns, we, on behalf of the Association, stipulated to a take down of the Association's website and the cessation of the allegedly offending name "New York County Dental Association" ("NYCDA"). And, we proposed to effect a permanent name change; a proposal that was initially met with receptivity by the Plaintiff as a means of narrowing the potential issues in dispute, i.e., it would eliminate the trademark infringement components of the complaint, leaving only the Plaintiff's statutory monopoly theory. It was this understanding of a mutual desire to narrow the issues that the parties conveyed to the Court in their June 11th joint letter.

Plaintiff has since reversed its position and informed us that, regardless of the Association's name change, it intends to pursue trademark infringement allegations for damages under a theory that the Association's website and other unknown activities over a 3-month period could have lured potential customers of the Plaintiff away by virtue of the alleged confusingly similar name and that, moreover, it plans to assert its entitlement to attorneys fees under the Lanham Act's "exceptional case" provision. Since, as the Plaintiff surely knows, the Association recruited not a single member during the time it billed itself as the NYCDA, and it acted in good faith to avoid confusion by voluntarily agreeing to discontinue the use of that name, it now seems apparent that the Plaintiff is clinging to its trademark theory not with an expectation of establishing legitimate damages, but rather solely to maintain federal jurisdiction over a complaint that belongs in state court.

Accordingly, since it seems that Plaintiff has no interest in narrowing the issues in a way that would streamline the process before the Court, the Association will seek to do so via motion, and it requests that it not be saddled with the burden of conducting potentially unnecessary discovery during the pendency of that effort.

As a further indication of the Association's good faith and desire to "make good" on its pledge to streamline this case, and with no acknowledgement that Plaintiff's unfair competition and trademark claims have any merit whatsoever, it is in the process of changing its name to one completely dissimilar to "New York County Dental Society." We therefore see no need to have an expedited schedule for an injunction motion, since the need for injunctive relief will be moot.

While we recognize that stays of discovery are not standard practice, we believe that one is proper in this case given that Plaintiff's trademark claim is undermined by our prompt consensual removal of the name in question and that the remaining non-trademark claims are purely legal in nature. Consistent with this view, in moving to dismiss the Complaint, the Association will assert: (1) that the stipulation currently in place and the Association's name change effectively vitiates the trademark claim, renders frivolous any "exceptional case" or trademark damages claims and eliminates the need for any expedited treatment of this case; and (2) the remaining allegations fail to state viable claims because they are supported by neither the current law nor the governance documents of the entities in issue.[2]

---

[2] If necessary, we will seek a stay of discovery from Judge Dolinger pending adjudication of our motion. However, because our request for a stay is central to our position on scheduling -- an issue this Court reserved to itself at the June 4th hearing -- we have addressed it here.

Accordingly, in light of the Association's intention to proceed as described above, we respectfully request that any further scheduling for the case be stayed until after a ruling on our motion.

Respectfully submitted,

Tamar Duvdevani

cc: Sean Sheely, Esq.
Andrew C. Rose, Esq.

# Holland+Knight

Tel 212 513 3200
Fax 212 385 9010

Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
www.hklaw.com

Sean C. Sheely
212 513 3538
sean.sheely@hklaw.com

June 24 2008

**BY FAX**

Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 755
New York, New York 10007-1312

    Re:    The District Dental Society of the First Judicial District, v. the New York County Dental Association, 08 CIV 5062 (LTS)(MHD)

Your Honor:

    We represent Plaintiff, the District Dental Society of the First Judicial District, d/b/a the New York County Dental Society (the "Society"), in the above-referenced matter. Pursuant to Your Honor's request, Plaintiff submits this letter setting forth its scheduling proposal.

    This is an unfair competition action. The Society has filed this action against the New York County Dental Association (the "Association"), Elliot, Moskowitz, Melvyn Leifert and Robert Raiber for engaging in ongoing acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I), related claims of common law trademark infringement and unfair competition, (Count II), tortious interference with business relations (Count III), unfair and deceptive trade practices in violation of New York Gen. Bus. Law §§ 349 (Count IV) and 133 (Count V), and unjust enrichment (Count VI).

    At the initial order to show cause hearing in this matter on June 4, 2008, Your Honor suggested, and both sides agreed, that it would be appropriate to consolidate the preliminary injunction hearing sought by the Society with a trial on the merits of all claims. Accordingly, in addition to setting a briefing schedule for the preliminary injunction, the Court requested that the parties propose an expedited discovery schedule so that this matter could be tried at one time. Specifically, Your Honor asked the parties to propose both a discovery and briefing schedule so that the Court could then target a trial date.

Hon. Laura T. Swain, U.S.D.J.
June 24, 2008
Page 2

Plaintiff proposes a 120 day schedule as follows:

| | |
|---|---|
| 06/30/08 | Defendants to Answer Complaint |
| 07/04/08 | Rule 26(f) Planning Conference |
| 07/09/08 | Completion of Rule 26(a) initial disclosures |
| 07/16/08 | Deadline for service of requests for production of documents |
| 08/13/08 | Parties to respond to requests for production of documents |
| 09/30/08 | Deadline for completion of party and non-party depositions |
| 10/01/08 | Deadline for parties to exchange witness list and pre-marked exhibits |
| 10/08/08 | Joint pre-hearing statement (including concise statement of stipulated material facts) |
| 10/15/08 | Simultaneous filing of pre-hearing memoranda of law |
| 11/__/08 | Trial |

In response to this lawsuit, Defendants have advised that they intend to change the name of the Association. Based on this proposed name change, the Defendants have advised that they will file a motion to dismiss the complaint arguing that the name change vitiates the Society's trademark claim. Pending the resolution of this motion to dismiss, the Defendants desire to stay discovery.

A stay of discovery pending the Court's determination of Defendants' motion to dismiss is not warranted. Defendants cannot show good cause or a sufficient basis to justify a stay in this matter. Even when viewed in the light most favorable to Defendants, a motion to dismiss – which can only fairly be called a partial motion to dismiss – will not and cannot dispose of the Society's claims.

The Defendants cannot avoid this lawsuit merely by changing the Association's name. First, as alleged in the complaint, the Society has been damaged as a direct and proximate result of the Defendants' unfair competitive practices. Even if the Defendants ceased the offending conduct – which the Society doubts – the Society is still entitled to recover for the damages, including attorneys fees, caused by the Defendants' prior conduct. Second, to the extent that Defendants intend to continue to compete with the Society albeit under a new name, the Defendants' conduct similarly violates the law and necessitates injunctive relief. As alleged in the complaint and explained in the Society's memorandum of law in support of the preliminary injunction, the Society was incorporated in 1868 by an act of the New York State Legislature which gives the Society, and other similarly situated local component professional dental organizations, a statutory monopoly to provide the services commonly associated with organized dentistry in their respective judicial districts or counties in New York state. Accordingly, the Defendants purported name change will not and cannot dispose of the Society's complaint and therefore, discovery and any motion practice should proceed simultaneously.

Plaintiff would be prejudiced by a stay of discovery. Here, the Society intends to seek electronically stored information, including, *inter alia,* information from the third party vendor

Hon. Laura T. Swain, U.S.D.J.
June 24, 2008
Page 3

responsible for hosting the Association's website which may be lost or destroyed if a stay is granted.

    We respectfully request that the Court enter an appropriate discovery scheduling order providing for a trial on the merits in November, 2008.

                           Respectfully submitted,

                           Sean C. Sheely

cc:    Tamar Y. Duvdevani, Esq. (via facsimile)

# 5423026_v2