UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE DISTRICT DENTAL SOCIETY OF
THE FIRST JUDICIAL DISTRICT,

                Plaintiff,

   -against-

THE NEW YORK COUNTY DENTAL
ASSOCIATION, INC., et al.

                Defendants.

No. 08 Civ. 5062 (LTS) (MHD)

PRE-TRIAL
SCHEDULING
ORDER



MICHAEL H. DOLINGER., MAGISTRATE JUDGE:

     A pre-trial conference was last held in this matter on June 4, 2008. The Court hereby makes the following provisions for scheduling and trial in this matter.

1.    Dispositive Pre-Trial Motions

     Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial shall be directed to Judge Swain and shall be served and filed on or before October 31, 2008. No pre-motion conference is required, but the parties must comply with the consultation and certification requirements of Paragraph 2.B. of Judge Swain's Individual Practices Rules. If the movant believes the motion, if granted, would obviate entirely the necessity of a trial in this matter, the movant shall so state in a separate MOTION FOR STAY, which shall be served and filed with the moving papers, and may in such stay motion request that the Court defer the remaining requirements of this Order pending its decision on the dispositive motion. Unless the Court grants such stay motion, the filing of a dispositive motion <u>does</u> <u>not</u> affect the parties' obligations under this Order.

2.    Other Pre-Trial Motions

     Other motions, including but not limited to motions in limine relating to evidentiary issues, must be filed and served no later than thirty (30) days before **the date set forth in paragraph 7 below**, unless otherwise allowed by the Court for good cause shown.

3.    Preliminary Conference

Counsel[1] for the parties shall confer preliminarily at least forty-five (45) days before **the date set forth in paragraph 7 below.** At or prior to this preliminary conference, counsel shall provide copies of each proposed exhibit for inspection by opposing counsel and for waiver or noting of objection and shall make the disclosures required by Fed. R. Civ. P. 26(a)(3). At the preliminary conference, counsel shall discuss (a) settlement, (b) any anticipated further motion practice, including motions in limine, and (c) the matters required to be addressed in their Joint Pre-Trial Statement, as set forth in paragraph 4 below.

4.  Joint Pre-Trial Statement

Counsel for all parties shall confer[2] and shall prepare, execute and file with the Court, with one courtesy copy provided to the chambers of Judge Swain, no later than ten (10) days before **the date set forth in paragraph 7 below**, a single document captioned JOINT PRE-TRIAL STATEMENT, which shall include:

a.  A concise statement of the legal issues to be decided.
b.  A concise statement of the material facts not in dispute.
c.  A witness list containing the names, addresses and a brief summary of the testimony of each witness each party will call. A person not identified on this list may not be called during a party's case in chief.
d.  A final exhibit list in tabular form containing the following information for all exhibits to be offered at trial. Exhibits not identified on this list may not be offered during a party's case in chief. The format shall be substantially as illustrated below.

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|
|  |  |  |  |

   i.  Plaintiff's exhibits shall be identified by numbers (e.g., Plaintiff's Exhibit 1, Plaintiff's Exhibit 2) and Defendant's Exhibits shall be identified by letters (e.g., Defendant's Exhibit A, Defendant's Exhibit B). If there is

---

[1] As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro Se, mean such party.

[2] If, due to a party's incarceration or other cause beyond the parties' control, it is impossible for the conference to be held in person or telephonically, the required consultation shall be accomplished through timely-initiated correspondence.

    more than one Plaintiff or Defendant, the parties shall coordinate their designations so as to avoid duplication.

  ii. In the "Objection(s)" column of the table, one asterisk should be entered to indicate exhibits to which no party objects on grounds of authenticity, and two asterisks should be entered to indicate exhibits to which no party objects on any ground. Any objections must be explained briefly, with citation to the relevant Federal Rule of Evidence or other legal authority.

  iii. The "Status" column should be left blank, for later use by the Court.

e. A list of the depositions, if any, to be offered at trial, with notation and explanation (including citation to the relevant legal authority) of any objections to the designations.
f. Stipulations, if any, as to the admissibility of exhibits and depositions.
g. Each party's statement as to whether the case is to tried before a jury.
h. A statement as to whether or not all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).
i. Each party's estimate of the time required for presentation of its case.

When feasible, the Joint Pre-Trial Statement should also be submitted to Chambers on a CD-Rom in WordPerfect version 6 or higher format.

The following documents must be annexed to, or submitted to Judge Swain's Chambers concurrently with, the Joint Pre-Trial Statement:

  One copy of each documentary exhibit to be offered at trial. Such exhibits must be pre-marked. In the event that a party intends to offer more than 15 documentary exhibits at the trial, the exhibits should be tabbed and included in a binder for easy reference. On the day of trial, counsel shall bring additional pre-marked copies for use by witnesses, the courtroom deputy, opposing parties and (if applicable) the jury.

5. <u>Proposed Findings of Fact and Conclusions of Law</u>

If the case is not to be tried before a jury, each party shall serve on each other party and file with the Court its proposed findings of fact and conclusions of law, which shall be broken down into separately enumerated paragraphs, no later than five (5) <u>business</u> days before **the Final Pre-Trial Conference date set forth in paragraph 7 below**. When feasible, the proposed findings of fact and conclusions of law should also be submitted on a CD Rom in WordPerfect version 6 or higher format.

6. Proposed Voir Dire, Requests to Charge and Verdict Form

   a. In a case to be tried before a jury, and no later than five (5) <u>business</u> days before **the Final Pre-Trial Conference date set forth in paragraph 7 below**:

      i. each party shall serve on each other party and file with the Court its proposed voir dire and verdict form. Prior to service and filing of the proposed voir dire and verdict form, counsel shall provide copies to opposing counsel for inspection and noting of objection; and

      ii. The parties shall file a single document captioned JOINT REQUESTS TO CHARGE, which shall include the full text of all of their respective proposed jury instructions and a brief explanation of the objections, if any, to any disputed requests to charge, with citations to the relevant legal authority.

   b. When feasible, proposed voir dire, requests to charge and verdict forms shall also be submitted to Chambers on a CD-Rom in WordPerfect version 6 or higher format.

7. Final Pre-Trial Conference

   The parties are directed to appear before Judge Laura Taylor Swain in Courtroom No. 17C[3], 500 Pearl Street, New York, NY 10007, for a final pre-trial conference on January 30, 2009, at 11:00 AM. The purpose of the conference is to explore the possibility of settlement, to schedule the trial (which shall, Judge Swain's calendar permitting, commence within two weeks after the conference) if necessary, to review the issues to be tried and the proof to be offered in connection therewith, and to resolve any remaining pre-trial issues. **Counsel for defendant(s) shall be responsible for making arrangements for an incarcerated pro se plaintiff's telephonic participation in the final pretrial conference.**

   The counsel who plan to try the case must appear at such conference. Counsel attending the conference shall seek settlement authority from their respective clients prior to such conference. If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible. "Settlement authority," as used in this order, includes the power to enter into stipulations and make admissions regarding all matters that the parties may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in this Pre-Trial Scheduling Order.

---

[3]On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

The Court will not adjourn the final pre-trial conference or excuse the appearance of a party or its counsel unless a stipulation of settlement is on file prior to the pre-trial conference date set forth in this paragraph 7.

8.  No Adjournment of Deadlines

The deadlines set forth in this Pre-Trial Scheduling Order will not be adjourned except in the Court's discretion upon good cause as shown in a written application signed by both counsel and counsel's client and served upon all parties. "Good cause," as used in this paragraph, does not include circumstances within the control of counsel or the client.

9.  Non-Compliance with This Order

In the event that any party fails to comply with this Pre-Trial Scheduling Order, or is not prepared to go forward with trial on the date scheduled, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or other appropriate penalties.

In particular, the parties are advised that the Court may, without further hearing, render judgment in favor of the adverse party if a party is not prepared to proceed to trial within two weeks of the scheduled final pre-trial conference date.

10. Other Matters

An incarcerated pro se party may apply for relief from or modification of the foregoing requirements upon a showing of cause. Any such application shall be in writing, shall be served on all other parties and counsel, shall specify the nature of the modification or waiver sought, and shall be submitted to the Court well in advance of the otherwise applicable deadline for complying with the requirement.

IT IS SO ORDERED.

Dated:   New York, New York
         7/15/08

Michael H. Dolinger
United States Magistrate Judge